UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTOINE JOHNSON

    Plaintiff,                                       HON.
                                                             CASE NO.

v.

OFFICER DION CORBIN, in his
Individual capacity,
OFFICER STEVEN SCOTT, In his
Individual and official capacity,
OFFICER JUSTIN ELLIOTT
and THE CITY OF
DETROIT, A Municipal Corporation Jointly and Severally,

    Defendants,
_____/
BRANDON MCNEAL (P81300)
KHAMO LAW PLLC
Attorney for Plaintiff
1120 East Long Lake Road,
Suite 250 Troy, Michigan 48085
(248)-466-0606 / (248)-466-0605 (Fax)
brandon@khamolaw.com
_____/

## COMPLAINT and JURY DEMAND

There is no other pending or resolved cases between these parties or other parties arising from the transaction or occurrence alleged in the complaint.

                                /s/ Brandon McNeal_____
                              Brandon McNeal (P81300)

**NOW COMES** the Plaintiff Antoine Johnson, by and through his attorney Brandon McNeal, and for his complaint against the Defendants states as follows:

## PARTIES

1. At all pertinent times, Plaintiff was a resident of Wayne County, and a citizen of the State of Michigan.

2. Officer Dion Corbin, Officer Steven Scott, and Officer Justin Elliot (hereafter Individual Defendants) were citizens of the State of Michigan, and at all pertinent times worked and was employed by Defendants City of Detroit, a Michigan municipality, as police officers in Wayne County.

## JURISDICTION and VENUE

3. Individual Defendants were at all pertinent times employed as police officers and acting under color of state law and pursuant to customs, policies and practices of Defendants City of Detroit.

4. Defendant City of Detroit is a municipal corporation organized and existing under the constitution and laws of the State of Michigan.

5. The Plaintiff brings this action under the Constitution of the United States and under 42 USC 1983, and state law.

6. The actions giving rise to this complaint arose entirely within Wayne County, Michigan on or around August 14, 2021.

7. The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000).

## FACTUAL ALLEGATIONS

8. On August 14, 2021, Individual Defendants arrived to Plaintiff's neighborhood after utilizing ShotSpotter technology.

9. By way of background, the City of Detroit has a multi-million-dollar contract with ShotSpotter, a for-profit company, to use its unreliable and ineffective gunshot detection system.

10. Plaintiff was issued a misdemeanor by Defendant Officers for Unlawful Discharge on August 14, 2021.

11. Plaintiff has a valid Concealed Pistol License and has worked as a Security Guard for approximately 15 years.

12. Plaintiff lives at his home with his wife and two children.

13. Body camera footage shows that Plaintiff was wearing a modified security uniform while standing behind his gated backyard when he was stopped by Individual Defendants arrived on scene.

14. Individual Defendants then proceed to illegally search Plaintiff's fenced backyard and curtilage.

15. Body camera footage shows that Plaintiff realizes that one of the officers has entered his backyard and objects.

16. One of the Individual Defendants responds that "they are looking for shell casings" and that they are there because of ShotSpotter.

17. None of the Individual Defendants sought nor received any type of consent to conduct a warrantless search of Plaintiff's gated backyard where they collected 2 shell casings and then subsequently retrieved a rifle from Plaintiff's house.

18. Other than the ShotSpotter alert, there was no reasonable suspicion nor probable cause to suspect Plaintiff of any crimes.

19. Plaintiff never attempted to flee the scene.

20. Plaintiff was always cooperative and respectful during his encounter with the Individual Defendants.

21. There were no reports of anyone actually getting shot at the location and there were no cries for help that would qualify as an exigent circumstance.

22. Thus, the search of Plaintiff's backyard and seizure of his property was a violation of his Constitutional right to be free from unreasonable search and seizure.

23. Based upon this unlawful search and seizure, Plaintiff was forced to retain counsel to contest the criminal charges at 36th District Court in the City of Detroit.

24. The criminal charges against Plaintiff were dismissed in 2023 based upon the unlawful search and seizure.

25. Individual Defendants unreasonably seized Plaintiff's property without reasonable suspicion or probable cause.

26. The conduct of the Individual Defendants:

    a. Unreasonably detained and seized Plaintiff's property in violation of his 4th Amendment rights;

27. As a direct and proximate result of the Defendants' misconduct, the Plaintiff suffered injuries and damages including, but not limited to:

    a. Fear, anxiety, humiliation, and shame;

    b. Serious emotional distress;

    c. Economic damages, past and future, including, but not limited to wage loss and attorney fees.

WHEREFORE, Plaintiff demands judgment against Defendants for whatever amount a jury shall determine together with interests, costs, and attorney fees.

## COUNT I
## 42 USC 1983 AGAINST INDIVIDUAL DEFENDANTS

28. Plaintiff hereby re-alleges and incorporates herein by reference all of the prior paragraphs, as though the same was fully set forth herein word for word.

29. The Individual Defendants' actions were done in their Individual capacities, and under color of state law.

30. The Individual Defendants' actions violated clearly established rights of the Plaintiff including but not limited to:

    a. The right to have officers stop other officers from violating Constitutional rights in their presence (Duty to Intervene);

    b. The right to be free from an unlawful Terry stop and seizure (4th and 14th Amendments); and

    c. The right to be free from Conspiracy to Deprive Plaintiff of his Constitutional Rights;

    d. The right to procedural and substantive due process and fair treatment during investigation (4th and 14th Amendments);

31. As a direct and proximate result of the Defendants' misconduct, the Plaintiff suffered injuries and damages including, but not limited to:

    a. Fear, anxiety, humiliation, and shame;

    b. Serious emotional distress;

    c. Economic damages, past and future, including, but not limited to medical expenses and attorney fees.

5

**WHEREFORE**, Plaintiff claims judgment against Individual Defendants in the amount in excess of Seventy-Five Thousand Dollars ($75,000) which is fair and just and consistent with the law and evidence as shall be determined, together with interest, costs and attorney's fees, and all other damages, including exemplary and/or punitive damages allowable by law.

## COUNT II
## MUNICIPAL LIABILITY AGAINST DEFENDANT CITY OF DETROIT UNDER 42 USC 1983

32. The plaintiff incorporates by reference the allegations set forth in the paragraphs above, as if fully set forth herein.

33. At all times herein, Defendants City of Detroit, with deliberate indifference to the constitutional rights of the Plaintiff and other similarly situated Individuals, established, condoned, promulgated, implemented, and maintained the following customs, policies, and/or practices that was a proximate cause and a moving force in violations of the Plaintiff's rights under the United States Constitution:

    a. City of Detroit and Induvial Officers' use of ShotSpotter technology which resulted in the illegal investigatory stop of the Plaintiff in violation of the Fourth and Fourteenth Amendments. Such violations are a continuing, persistent, and widespread practice.

    b. City of Detroit and Individual Officers' use of ShotSpotter technology to falsely manufacturing seizures by stopping individuals merely because they are in the vicinity of ShotSpotter alert.

    c. City of Detroit and Individual Officers' use of ShotSpotter technology to falsely manufacture reasonable suspicion for these searches and seizures by relying on ShotSpotter alerts that have never been tested for reliability and are not sufficiently

reliable to be used as any part of the basis for a Fourth Amendment search or seizure.

    d.    City of Detroit and Individual Officers' use of ShotSpotter technology to falsely manufacture reasonable suspicion for these searches and seizures by stopping individuals without corroboration of the ShotSpotter alert or individualized suspicion.

    e.    Routinely concealing, covering up, and hiding evidence of wrongdoing by law enforcement officers employed by the Defendants City of Detroit;

    f.    Failing to adequately train, supervise, and/or discipline law enforcement officers and supervisors with regard to the appropriate and necessary bases for seizures and stops;

    g.    Failing to adequately train, supervise, and/or discipline law enforcement officers and supervisors with regard to the proper basis for seizures.

    h.    Hiring and/or retaining as law enforcement officers and supervisors certain persons whom the Defendants City of Detroit knew or had actual notice of unlawful seizures without reasonable suspicion or probable cause, and/or use of force without reason or justification;

    i.    Failing to intervene when it knew of improper violation of Constitutional Rights;

    j.    Ratifying, condoning and/or permitting the conduct of Individual Police Defendants.

34.    Each of the aforementioned customs, policies, or practices was known to Defendants City of Detroit as highly likely and probable to cause violations of the United States Constitutional rights of Plaintiffs and other individuals subject to unlawful seizures and

arrests, use of excessive force, retaliation for protected speech, and each was a moving force in the violations of the Plaintiff's United States Constitutional rights, as set forth herein.

35. As a direct and proximate result of the actions taken by the Defendants, as discussed more fully above, the Plaintiff has suffered severe damages as listed in paragraph 28, and including but not limited to:

   a. Pain and suffering, physical injury;

   b. Fear, anxiety, humiliation, and shame;

   c. Loss of liberty;

   d. Serious emotional distress;

   e. Economic damages, past and future, including, but not limited to attorney fees

**WHEREFORE**, Plaintiff claims judgment against Defendants Detroit in the amount in excess of Seventy-Five Thousand Dollars ($75,000) which is fair and just and consistent with the law and evidence as shall be determined, together with interest, costs and attorney's fees, and all other damages, including exemplary and/or punitive damages allowable by law.

Respectfully submitted,

Dated: August 13, 2024

/s/ Brandon McNeal (P81300)
BRANDON MCNEAL (P81300)
KHAMO LAW PLLC
Attorney for Plaintiff
1120 E. Long Lake Road, Suite 250
Troy, MI 48085
248-466-0606 / 248-466-0605 Fax
brandon@khamolaw.com

## **JURY DEMAND**

**NOW COMES** the Plaintiff and demands trial of his cause by jury.

                Respectfully submitted,

Dated:  August 13, 2024

/s/ Brandon McNeal (P81300)
BRANDON MCNEAL (P81300)
KHAMO LAW PLLC
Attorney for Plaintiff
1120 E. Long Lake Road, Suite 250
Troy, MI 48085
248-466-0606 / 248-466-0605 Fax
brandon@khamolaw.com